UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

RALPH HARDY, JR.,

                                        Plaintiff,

            vs.                                                          9:08-CV-1352
                                                                        (MAD/ATB)

MID-STATE CORRECTIONAL
FACILITY, *et al.*,

                                        Defendants.

_____

RALPH HARDY, JR.
Plaintiff *pro se*
RICHARD LOMBARDO, Asst. Attorney General
Attorney for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

### REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation by the Honorable Mae A. D'Agostino,[1] United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

In this civil rights complaint (Dkt. No. 1), plaintiff alleges that, while he was an inmate in the custody of the Mid-State Correctional Facility ("Mid-State"), defendants denied him constitutionally adequate medical care by delaying his treatment for the Hepatitis-C virus (HCV).  Plaintiff also alleges, in conclusory fashion, that the defendants violated his rights under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.* and the Rehabilitation Act (RA), 29 U.S.C. § 794.[2]  He seeks

---

[1] This case was originally assigned to the Honorable Gary L. Sharpe, but was reassigned to the Honorable Mae A. D'Agostino on April 20, 2011.

[2] The complaint also references due process and equal protection in describing the constitutional rights of plaintiff that were allegedly violated by defendant Rabinowitz.  Plaintiff

substantial damages.

Presently before the court is defendants' motion to dismiss for lack of prosecution pursuant to Fed. R. Civ. P. 41(b) and Local Rule 41.2. (Dkt. No. 30). Plaintiff has failed to respond to the motion or to ask for an extension of time to respond.  For the following reasons, this court agrees with defendants and will recommend dismissal.

## DISCUSSION

### I.    Procedural/Factual Background

This action was filed on December 17, 2008. (Dkt. No. 1).  On January 7, 2009, the Honorable Gary L. Sharpe granted plaintiff *in forma pauperis* status and allowed the case to go forward, after *sua sponte* dismissal of Mid-State Correctional Facility based upon sovereign immunity. (Dkt. No. 4).  On May 7, 2009, defendants made a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 13).  This case was assigned to me on January 4, 2010.[3] (Dkt. No. 22).  On March 30, 2010, I issued a Report-Recommendation, recommending that all claims and defendants be dismissed from this action except for the plaintiff's medical care claim against defendant Rabinowitz. (Dkt. No. 23).

Plaintiff did not file any objections to my recommendation, and on April 21, 2010, Judge Sharpe accepted the Report-Recommendation in its entirety and dismissed all defendants and all claims except the medical care claims against Dr.

_____

further suggests that the delays in his treatment resulted, at least in part, from Dr. Rabinowitz's retaliation for grievances and administrative complaints that plaintiff filed against the doctor.

[3] The case was originally assigned to Magistrate Judge Di Bianco, and was re-assigned to me after Judge Di Bianco's retirement. (Dkt. No. 22).

Rabinowitz. (Dkt. No. 24).  Defendant Rabinowitz filed his answer to the complaint on June 9, 2010. (Dkt. No. 27).  On June 10, 2010, the court issued its Mandatory Pretrial Discovery and Scheduling Order. (Dkt. No. 28).  Defendant filed a notice on August 6, 2010, indicating that he had complied with the requirements of the scheduling order. (Dkt. No. 29).  On September 13, 2010, defendant filed this motion to dismiss. (Dkt. No. 30).  Plaintiff has not responded to the motion.

Plaintiff was released from the custody of the Department of Correctional Services ("DOCS") on June 4, 2010. Lombardo Decl. ¶ 7 (Dkt. No. 30-1); LeClair Decl. ¶ 3 (Dkt. No. 30-2).  He provided DOCS with a forwarding address of 87 Margaret Drive, Coram, New York 11727. Lombardo Decl. ¶ 7; LeClair Decl. ¶ 4.  On June 14, 2010, defense counsel served plaintiff with a notice that he would be deposed on September 9, 2010. Lombardo Decl. ¶ 12 & Ex. A.  The notice was served on plaintiff at the address that he gave to DOCS prior to his release, and the notice was not returned to defense counsel by the post office. Lombardo Decl. ¶ 13.

On August 6, 2010, defense counsel served plaintiff with all the relevant discovery documents, required by the court's June 10, 2010 Mandatory Discovery Order. Lombardo Decl. ¶ 13.  Defense counsel states that in his cover-letter, he specifically advised plaintiff of his responsibilities regarding the paper discovery, and stated that should plaintiff fail to comply, "this office will seek appropriate judicial intervention including, but not limited to, a motion to dismiss the complaint for failure to prosecute." *Id.* & Dkt. No. 29.  Defense counsel advised plaintiff of the same responsibilities regarding the deposition. *Id.*

Plaintiff failed to serve any documentary discovery on defense counsel as

3

required by the court's order. Lombardo Decl. ¶ 14.  Based on plaintiff's failure to do so, defense counsel sent him another letter warning him that his failure to comply would result in a motion for sanctions, including dismissal. *Id.* & Ex. B.  The second letter was sent both by certified and regular mail. *Id.*  Defense counsel states that although he had not received the receipt for the certified mailing, the regular mailing was not returned by the Post Office. *Id.*  On September 9, 2010, plaintiff failed to appear for his deposition, and as of the date of defendant's motion, plaintiff had still failed to comply with the court's discovery order, and he has never contacted defense counsel regarding this action. *Id.* ¶¶ 15-17.

## II.    Motion to Dismiss

### 1.    Failure to Prosecute

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action, or comply with any order of the court. *Dansby v. Albany County Correctional Facility Staff*, 95-CV-1525, 1996 WL 172699 (N.D.N.Y. April 10, 1996) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)).  Moreover, notwithstanding the leniency with which *pro se* plaintiffs are treated, a plaintiff has the duty to inform the court of any address changes. *See Lucas v. Miles*, 84 F.3d 532, 538 (2d Cir. 1996)(*pro se* plaintiffs are entitled to a degree of leniency, but that should not extend to a disregard of the court's plain directives) (dissenting opinion).

"The demand that plaintiffs provide contact information ***is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit***." *Dumpson v. Goord*, 00-CV-6039, 2004 WL 1638183, at *3, 2004 U.S. Dist.

LEXIS 14317, *8 (W.D.N.Y. July 22, 2004) (emphasis added).  Additionally, Rule

41.2(b) of the Local Rules of Practice for the Northern District of New York states

that failure to notify the court of a change of address in accordance with LOCAL RULE

10.1(b) may result in the dismissal of any pending action.

The Second Circuit has held that, generally, a determination of whether to

dismiss for failure to prosecute involves a consideration of whether plaintiff's failure

caused a delay of considerable duration; whether plaintiff was given notice that further

delay would result in dismissal, and whether defendants will be prejudiced by further

delay. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir.

2004).  The court must also carefully balance the need to alleviate court congestion

with plaintiff's right to have his day in court, and the court must consider the efficacy

of lesser sanctions. *Id.*  Dismissal is a harsh remedy to be utilized only in "extreme

situations." *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993).

In this case, plaintiff clearly advised the court that he was going to be released

on December 4, 2009, and he filed a notice of the change of address. (Dkt. No. 21).

Although plaintiff does not appear to have been released on the date he listed in the

notice, defense counsel states that when plaintiff was released on June 4, 2010, he

gave DOCS the same address that he had previously given to the court.  On June10,

2010, the Mandatory Pretrial Discovery and Scheduling Order was served on plaintiff

at the address that he gave the court and DOCS. (Dkt. No. 28).  That mandatory order

specifically provided that plaintiff was responsible for  providing defendant with

certain discovery and that defendant was responsible for providing plaintiff with

discovery. (Dkt. No. 28 at 1-3).  The order also granted defendant leave to take

plaintiff's deposition and provided the proper procedures for doing so. *Id.* at 3-4. Plaintiff was warned in the order that his refusal to answer questions or his failure to appear could result in sanctions, including dismissal of the action. *Id.* at 4.

The order was never returned to the court by the Post Office, thus, the court must assume that plaintiff received the order, read the order, and was aware of the warnings therein. Defense counsel complied with his responsibilities under the order, but plaintiff never produced any documentary discovery. Plaintiff then failed to appear for his scheduled deposition, notwithstanding a proper notice and two warning letters by defense counsel. Defense counsel declares that neither of his letters were returned by the Post Office, thus, the court must assume that plaintiff received the letters and ignored their contents. Plaintiff has clearly failed to abide by this court's discovery order, and although he updated his address before his release, it is unclear whether he has moved from the address that he listed or he is ignoring both the court and defense counsel.

If either of the above is correct, dismissal is appropriate. If plaintiff has moved and has not updated his address, there is no way for the court or defense counsel to contact plaintiff. Plaintiff may have simply abandoned this case. Without any response it is unclear how long the delay might last. Defendant will be prejudiced by further unlimited delay because plaintiff has provided no discovery and has failed to appear for his deposition. If plaintiff is simply ignoring the court, then his willful behavior justifies dismissal of the action.

### 2.   Discovery Sanctions

In addition to a dismissal under Rule 41, Rule 37(d) of the Federal Rules of

Civil Procedure provides that if an individual fails to appear at his own deposition after having received proper notice, the court may take various steps to sanction the disobedient party. FED. R. CIV. P. 37(d)(1)(A)(i). Section 37(d) cross references Rule 37(b)(2)(A)(v) which also authorizes the court to dismiss an action for failure to comply with a discovery order. The imposition of sanctions under Rule 37 is within the discretion of the district court, and the sanction of dismissal is a harsh remedy to be used "only in extreme situations." *Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764 (2d Cir. 1990), *cert. denied*, 499 U.S. 943 (1991). In order to impose such a severe sanction, the court must find willfulness, bad faith, or fault on the individual from whom discovery is sought. *Id.* The party in question, particularly a *pro se* litigant, must have had prior notice that violation of the court's order would result in dismissal with prejudice. *Simmons v. Abruzzo*, 49 F.3d 83, 88 (2d Cir. 1995).

In this case, assuming that plaintiff received the order from the court and the two letters from defense counsel, he has clearly been warned that his failure to appear could result in the sanction of dismissal. Thus, plaintiff had prior notice of the possibility of dismissal. If plaintiff has moved, he is well-aware of the requirement that he update his address. If plaintiff is ignoring the court and defense counsel, then the court finds that he is at fault and has shown bad faith by simply failing to appear. If he did not have the means by which to appear at the deposition, he could have telephoned or written defense counsel or the court to explain the problem. His silence may be interpreted as willfulness. Thus, dismissal is the appropriate sanction under Rule 37, as it is for plaintiff's failure to prosecute under Rule 41. The case may be dismissed.

**WHEREFORE,** based on the findings above, it is

**RECOMMENDED**, that defendant's motion to dismiss for failure to prosecute (Dkt. No. 30) be **GRANTED**, and that the complaint be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:  June 9, 2011

Hon. Andrew T. Baxter
U.S.  Magistrate Judge