UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RALPH HARDY, JR.,

                             **Plaintiff,**

  vs.                                                             9:08-cv-1352
                                                                             (MAD/ATB)

MID-STATE CORRECTIONAL FACILITY;
PEDRO DIAZ, Regional Health Services Director;
RABINOWITZ, Medical Doctor, Mid-State
Correctional Facility; and WILLIAM HULIHAN,
Superintendent, Mid-State Correctional Facility,

                             **Defendants.**
_____

**APPEARANCES:**                                    **OF COUNSEL:**

**RALPH HARDY, JR.**
87 Magaret Drive
Coram, New York 11727
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**          **RICHARD LOMBARDO, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      In a Report-Recommendation dated June 9, 2011, Magistrate Judge Baxter recommended that the Court grant defendants' motion to dismiss plaintiff's remaining claims for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41.2. *See* Dkt. No. 33. Plaintiff did not object to Magistrate Judge Baxter's recommendation or ask for an extension of time to do so.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point"). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

In the present matter, Magistrate Judge Baxter provided plaintiff adequate notice that he was required to file any objections to the Report- Recommendation, and specifically informed him

2

that failure to object to any portion of the report would preclude his right to appellate review. *See* Dkt. No. 33 at 8. Specifically, Magistrate Judge Baxter informed plaintiff that "**FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e)." *See id.* Magistrate Judge Baxter clearly provided plaintiff with sufficient notice of the consequences of failing to object to the Report-Recommendation.

Upon a review of the Report-Recommendation, and considering that the parties have failed to object to any of Magistrate Judge Baxter's thorough and well-reasoned recommendations, the Court finds no clear error in Magistrate Judge Baxter's recommendations and hereby affirms and adopts the Report-Recommendation as the opinion of the Court.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Baxter's June 9, 2011 Report-Recommendation is **ACCEPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that defendants' motion to dismiss for failure to prosecute is **GRANTED** and plaintiff's complaint is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of defendants and close this case.

**IT IS SO ORDERED.**

Dated: July 1, 2011
      Albany, New York

Mae A. D'Agostino
U.S. District Judge